IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ENVIROSERVE, INC., | ) | CASE NO.  1:25 CV 1877 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM ORDER |
| DENALI WATER SOLUTIONS, INC., | ) | AND OPINION |
| | ) | |
| Defendant. | ) | |
| | ) | |

This case is before the Court on Defendant, Denali Water Solutions, Inc.'s Motion to Transfer Venue to the United States District Court for the Northern District of Texas.  (ECF #15). Plaintiff,  Enviroserve, Inc. ("Enviroserve") filed a brief in opposition, and Defendant, Denali Water Solutions, Inc. ("Denali") filed a Reply in Support of its motion.  (ECF #17, 18).  For the reasons set forth below, the Court finds that the Defendant, has not met its burden of showing that the considered factors weigh strongly in favor of transfer.   The Defendant's Motion is, therefore, denied.

**Factual and Procedural Background**

Plaintiff, brought this action against Denali for alleged breach of contract.  According to Enviroserve, Denali has failed to pay hundreds of invoices for completed services, dating back to

2023.  Enviroserve collects and transports food wastes for grocers, including, in this case, WalMart.  The allegedly unpaid invoices relate to services performed for various WalMart locations, including those in both Texas and Ohio.  Denali alleges that approximately 20% of the relevant services were performed for Texas locations, while 1.3% were performed for Ohio locations.  Denali alleges that payments were asked to be sent to Enviroserve in Texas.  Enviroserve claims, however, that payments were made by ACH transfers between bank accounts and that they never directed Denali to send payments to Texas.

Denali's CEO/President, CFO/Secretary, CRO and Treasurer all reside in Texas and work out of the Denali headquarters, which is located in Texas.  Denali has employees around the United States, including in both Texas and Ohio.  The majority of employees are in neither Texas nor Ohio. Similarly, Denali does business across the country, including both Texas and Ohio, with the significant majority of their business occurring outside of these two states.  Denali has a facility in Ohio, and is registered to do business in Ohio.  Enviroserve is an Ohio corporation with its principal place of business in Ohio.  It alleges that Denali assigned projects to Enviroserve via email.  Those projects were received and managed by project leads either in Cleveland, Ohio, or in New York.  Employees in the Cleveland, Ohio office prepared and submitted invoices for completed services.

Denali claims that five of its employees who communicated with Enviroserve about the services at issue reside in Texas.  However, of the five the people who "generally communicated" with Enviroserve, one lives in Ohio and none live in Texas.[1]  Denali's primary contact at Enviroserve, account manager Tony Boroncyzk, is located in their Cleveland, Ohio office.

_____

[1]The other four live in Utah.

-2-

Enviroserve has identified a minimum of six, and up to twenty-two potential witnesses who are based in Ohio.

## APPLICABLE LAW

Chapter 28 of the United States Code, Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." This provision was intended "to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Continental Grain Co. V. Barge F.B.L.-585,* 364 U.S. 19, 27 (1960). Under this provision, a district court has broad discretion to grant or deny a motion to transfer, so long as jurisdiction is proper in either court. *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994)(citing *Cote v. Wadel*, 796, F.2d 981, 985 (7th Cir. 1986). However, a defendant seeking transfer bears the burden of showing that a transfer is warranted. *Tobien v. Nationwide Gen. Ins. Co.*, 133 F.4th 613, 618, n.2 (6th Cir. 2025). There is no dispute that this action could have been properly brought in either this district or in the Northern District of Texas, therefore, the Court must exercise its best discretion in deciding whether to grant the transfer.

The Sixth Circuit has outlined several factors that a district court should consider when deciding whether or not a transfer under 28 U.S.C. § 1404(a) is warranted, including the private interests of the parties and other public-interest concerns. *Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991). These public and private interests include the plaintiff's choice of forum, location of necessary documents and other sources of proof, convenience of the parties and witnesses, the existence of forum selection clauses, possibility of prejudice in either forum, and various practical problems associated with trying the case expeditiously and as

-3-

inexpensively as possible. *See, e.g., USA v. Cinemark USA, Inc.*, 66 F. Supp.2d 881, 887 (N.D. Ohio 1999)(citing *West American Ins. Co. v. Potts*, 1990 U.S. App. LEXIS 12513, 1990 WL 104034, at *2(6th Cir. July 25, 1990)); *Kerobo v. Sw. Clean Fuels Corp.*, 285 F.3d 531, 537 (6th cir. 2002); *Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991). In order to warrant transfer, the balance of all relevant factors must weigh strongly in favor of transfer, and the burden is upon the party requesting the transfer to prove that this is so. *Reese v. CNH Am., LLC*, 574 F.3d 315, 320 (6th Cir. 2009).

## ANALYSIS

A plaintiff's choice of forum is to be given substantial weight in determining whether a transfer is warranted. *Nicol v. Koscinski*, 199 F.2d 537, 537 (6th Cir. 1951); *USA v. Cinemark*, 66 F. Supp. 2d 881, 887 (N.D. Ohio 1999). "Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Reese v. CNH Am., LLC*, 574 F.3d 315, 320 (6th Cir. 2009). Plaintiff chose to file his case in Ohio, and that decision shall be given significant weight in this analysis.

The other interests that must be considered also fail to sway the balance in favor of transfer. Neither side has demonstrated any real possibility of prejudice regardless of venue, and the practical aspects of trying the case expeditiously and as inexpensively as possible can be adequately addressed by this Court. Discovery will be largely document based, and the parties admit that the documents are primarily digitally stored. In addition, the potential witnesses are split between the venues at issue, and, in some case, are located outside either suggested venue. Both parties have a presence in both states, and transactions and communications appear to have

-4-

been transmitted between representatives in both states and elsewhere. Therefore, the convenience of the parties is a factor that is equally balanced between the two locations.

Further, neither side has provided any information to suggest that either Ohio or Texas has a significantly higher interest in, or ability to manage this litigation. Ohio law is likely to apply to the contractual issues. Performance of the services at issue took place nationwide, including in both Texas and Ohio. Although Defendant argues that more services were performed in Texas, they do not dispute that the majority of services were performed outside of either suggested venue. Because the services were so widespread, the Court must also look to other relevant aspects of the relationship between the parties, including the processing of payments. It appears most of the processing and invoicing occurred through Enviroserve's Ohio office. Based on the information provided, the Court cannot conclude that Texas has a higher interest in enforcing the contract at issue than does Ohio. Therefore, this factor fails to tip the balance away from honoring the Plaintiff's choice of forum.

Each party claims that the most important witnesses in the case reside or work in their state of choice. Though the parties disagree as to the relative importance of the Ohio based witnesses and the Texas based witnesses, they both acknowledge that witnesses could be called from each of these states and most likely from other states as well. Therefore, there does not appear any clear indication that changing venue to Texas will result in a significant reduction of the cost or inconvenience to witnesses during discovery and/or trial preparation. It appears that no matter where trial may be held in this case, some witnesses will be inconvenienced. There is, however, no evidence, that any witnesses would be precluded from testifying in either location. Because this factor appears to be neutral, it does not outbalance the Plaintiff's choice of forum

-5-

under these circumstances.

### CONCLUSION

As Denali has not met its burden of showing that the factors in favor of a transfer of venue in this case strongly outweigh the factors in favor of maintaining the current forum, Plaintiff's choice of venue must be given deference.  For the reasons set forth above, Defendant's Motion is DENIED.  (ECF #15).  IT IS SO ORDERED.


Donald C. Nugent
United States District Judge

Date: February 25, 2026